IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZULEYKHA MANSURI, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:25-CV-1240-X-BW |
| | § | |
| PCRK SERVICES COMPANY | § | |
| LLC and ASHLEY LOPARO, | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff Zuleykha Mansuri's July 7, 2025 motion for voluntary dismissal under Fed. R. Civ. P. 41(a)(2). (Dkt. No. 15.) This case has been referred to the undersigned magistrate judge for case management pursuant to Special Order 3-251. (*See* Dkt. No. 1.)

The undersigned recommends that the District Judge **GRANT** the motion and **DISMISS** this action without prejudice.

## I. BACKGROUND

Plaintiff Zuleykha Mansuri, proceeding pro se, initiated this lawsuit on May 15, 2025, against Defendants PCRK Services Company LLC and Ashley LoParo. (*See* Dkt. No. 3.) She asserted claims for employment discrimination based on age and national origin. (*Id.* at 1.) Defendants appeared through counsel and filed an answer on June 27, 2025. (*See* Dkt. No. 9.) Shortly after Defendants answered the

-1-

complaint, the undersigned directed the parties to confer and submit a joint status report concerning pretrial scheduling and other matters. (Dkt. No. 10.)

On July 7, 2025, Plaintiff filed a document in which she stated that she wished to "drop [her] case due to severe health issues from the long term stress and depression." (Dkt. No. 15 at 1.) Noting that she filed the action based on a good-faith belief that she had been wrongfully terminated, that she has no attorney, and that Social Security provides her only income, Plaintiff also requested a refund of the filing fee paid in this action. (*Id.*) The undersigned denied her request for a refund for lack of authority to do so, construed her request to drop her case as a motion for voluntary dismissal under Fed. R. Civ. P. 41(a)(2), stayed pending deadlines, and allowed Defendants to file a response to the motion no later than July 18, 2025. (Dkt. No. 16.) Defendants have not filed a response.[1]

## II.  LEGAL STANDARDS AND ANALYSIS

Under Federal Rule of Civil Procedure 41(a)(2), a case "may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "Unless the order states otherwise, a dismissal under [Rule 41(a)(2)] is without prejudice." Fed. R. Civ. P. 41(a)(2).

---

[1] On July 11, 2025, Plaintiff submitted a filing addressed to United States District Judge Brantley Starr again requesting a refund of the filing fee. (Dkt. No. 17.) In this filing, Plaintiff does not contest the Court's treatment of her July 7 filing as a motion for voluntary dismissal or otherwise manifest an intention to withdraw her request to dismiss the case. (*See id.*)

A court has full discretion to grant or deny a Rule 41(a)(2) motion. *U.S. ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003). But "as a general rule, motions for voluntary dismissal should be freely granted." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). Further, courts should only refuse such motions if granting them would clearly prejudice a defendant. *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 198-99 (5th Cir. 1991); *see also Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 202-03 (N.D. Tex. 1988) ("When considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for it is his position which should be protected." (quoting *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)). The prospect of a second lawsuit, however, is not by itself a type of legal prejudice that justifies denying a plaintiff's motion to dismiss. *See Reem v. Credit Mgmt., L.P.*, No. 3:24-CV-2466-B-BW, 2024 WL 5185680, at *1 (N.D. Tex. Nov. 13, 2024), *accepted*, 2025 WL 72173 (N.D. Tex. Jan. 10, 2025). "Prejudice that precludes voluntary dismissal might exist, for example, when the non-movant would lose an otherwise available defense or when a plaintiff seeks dismissal at the late stage of proceedings after the defendant has put considerable time and effort into defending the action." *Id.*

Defendants have not responded to Plaintiff's motion to dismiss and, thus, have not identified any legal prejudice that would result from granting Plaintiff's motion and dismissing the action without prejudice. Nor does the undersigned perceive any prejudice to Defendants from voluntary dismissal at this early stage of

-3-

proceedings. Defendants have answered Plaintiff's complaint but have not engaged in discovery or filed dispositive motions, nor is it apparent that they would lose any defense. Additionally, there is no impending resolution on the merits that Plaintiff seeks to avoid by moving to dismiss at this stage. *See Reem*, 2024 WL 5185680, at *1.

### III. RECOMMENDATION

For the reasons explained above, the undersigned recommends that Plaintiff's motion to dismiss (Dkt. No. 15) be **GRANTED** and that this action be **DISMISSED** without prejudice.

**SO RECOMMENDED** on August 6, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

-4-

## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).